**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MARK WATKINS**,

               Petitioner,

**v.**

**R. HUDGINS, Warden,**

               Respondent.

**Civil No.: 3:20CV87**
**(JUDGE GROH)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 2, 2020, the pro se Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his sentence imposed in the United States District Court for the Northern District of West Virginia.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.   FACTUAL AND PROCEDURAL HISTORY[1]

**A.   Conviction and Sentence**

On May 12, 1994, a six-count Indictment, 94-50066(S), was returned in the Northern District of West Virginia which named the defendant, Mark Watkins, along with

---

[1] Due to the date of the original indictment and conviction, some documents are not available on CM/ECF. The Court has used the presentence report [ECF No. 219] in 5:94CR66 and Judge Bailey's Order [ECF No.28] in 2:13CV67 for this factual and procedural history.

Delmar Walton and Michael Millward.  Within this Indictment, Petitioner was charged with a violation of 21 U.S.C. § 846 (Count One), 18 U.S.C. §§ 2(a) and 2(b), 1512(a)(1)(C) and 1512(a)(2)(A) (Count Two), a violation of 18 U.S.C. § 1952 (a)(2) and (a)(3) (Count Three), 18 U.S.C. § 371 (Count Four), and a violation of 18 U.S.C. § 241 (Count Five). ECF No. 219.

Count One charges that, from in or about 1986 to at least in or about 1990, Petitioner conspired with other persons known and unknown to the Grand Jury to possess with the intent to distribute and to distribute cocaine.

Count Two charges that, in or about May of 1989, Watkins, Walton, and Miliward killed Debra Pugh with the intent to prevent her communication of information relating to the commission and possible commission of federal offenses of drug conspiracy, drug distribution, and extortion committed and possibly committed by Mark Watkins.

Count Three charges that, on or about May 21, 1989, Watkins, Walton, and Millward travelled in interstate commerce from Ohio to West Virginia to commit a crime of violence against Debra Pugh to further the unlawful drug activity of Watkins, and to otherwise promote, carry on, and facilitate the promotion and carrying on of Watkins' unlawful drug activity.

Count Four charges that, in or about May of 1989, Watkins, Walton, and Millward conspired to kill a witness and informant, and conspired to travel in interstate commerce in aid of a racketeering enterprise.

Count Five charges that, in or about April and May of 1989, Watkins, Walton, and Millward conspired to violate the civil rights of Debra Pugh to provide information to Federal authorities and to be a witness in a federal proceeding relating to her knowledge

of the commission and possible commission of federal offenses relating to drug conspiracy, drug distribution, and extortions committed and possibly committed by Watkins, resulting in the death of Debra Pugh. Id.

On February 17, 1995, Petitioner was found guilty of all Counts following a jury trial. Since the offense continued subsequent to November 1, 1987, the Sentencing Reform Act of 1984 is applicable.   Id.   No objection was made at sentencing to the applicable guidelines.  On May 24, 1995, Petitioner was sentenced to life imprisonment on each of Counts 2 and 5 (concurrent); two hundred forty (240) months on Count 1 (concurrent with sentence on Counts 2 & 5) and sixty (60) months on each of Counts 3 & 4 (concurrent with each other and sentence on Counts 1, 2 & 5).

### B.    Direct Appeal

Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit raising thirteen assignments of error.[2]  Petitioner's ninth ground of appeal, and the only one that the Fourth Circuit found had merit, was that the district court erred when it failed to order the government to elect between Counts Four and Five as they constitute the "same offense" under Double Jeopardy.  Accordingly, the Fourth Circuit remanded the case to the district court with instructions to vacate Petitioner's conviction and sentence on Count Five.  However, because Petitioner received concurrent life terms on Counts Two and Five, resentencing was not necessary.

### C.    Post-Conviction Relief- 2255 Motion

On July 10, 1997, Petitioner filed a motion pursuant to 28 U.S.C. § 2255.  As grounds for relief, Petitioner raised the issue of the racial composition of the grand jury.

---

[2] The appeal was in fact jointly filed by petitioner and his codefendant, Delmar Walton. However, the undersigned has used just "Petitioner" in discussing the decision issued by the Fourth Circuit.

In addition, Petitioner alleged that the indictment failed to allege overt acts of drug dealings and that the instructions on conspiracies were ambiguous.  He also alleged that Counts One, Three, and Four were lesser included offenses of Count Two.  Finally, he alleged newly discovered evidence of an alibi in the form of an affidavit from Sheila Jasenec and that the Government withheld evidence that Dr. Sopher filed questionable autopsy reports in an unrelated case.  On February 3, 1998, John W. Fisher, United States Magistrate Judge, filed a report and recommendation in which he recommended that Petitioner be denied the relief sought in his petition.  On February 3, 1999, the Court adopted the recommendations of the Magistrate Judge, and entered an order denying Petitioner's motion for relief pursuant to § 2255.

### D.    Post-Conviction Relief-2244 Motion

On November 20, 2012, Petitioner filed a motion with the Fourth Circuit seeking permission to file a successive habeas application.  Relying on the Supreme Court's ruling in <u>Skilling v. United States</u>, 561 U.S. 358 (2010), Petitioner argued that the jury instructions at his trial established that his conviction was based upon conduct for which the jury failed to find a guilty verdict beyond a reasonable doubt.  On November 30, 2012, the Fourth Circuit denied Petitioner's § 2244 motion.

### E.    Post-Conviction Relief-First 2241 Petition[3]

On September 2, 2015, District Judge Bailey denied Petitioner's first habeas petition under § 2241, in which Petitioner attacked both his conviction and sentence. Petitioner relied on the decision in <u>Fowler v. United States</u>, 563 U.S. 668 (2011) to argue that there was insufficient evidence to convict him under § 1512(a)(1)(C) and maintained

---

[3] ECF No. 28, 2:13CV67.

that he was actually innocent.  Judge Bailey ruled that Mr. Watkins was not eligible for relief under § 2241.  Petitioner's application for leave to file a second or successive petition had been denied, leaving him only the narrow path of the savings clause. However, that path was also closed to Petitioner because he is not actually innocent of his offenses of conviction.  The savings clause allows relief only where the acts for which the defendant was convicted are not a crime.  The acts for which the defendant was convicted, the murder of a person who intended to report a federal crime to federal authorities, is still a crime.  Judge Bailey further stated that even if Petitioner was able to surmount the procedural hurdles, he cannot prevail substantively.

**F.    Instant § 2241 Claims of Petitioner**

In support of his § 2241 petition before this Court, Petitioner asserts three grounds for relief:

1. that he should be able to see the Parole Commission under the old law. ECF No. 1 at 5.

2. that he should be under the 1986 sentencing guidelines because the indictment alleges that his conspiracy started in 1986.  Petitioner believes that using the 1986 guidelines would cause his offense level to be reduced from a level 45 to a level 42. Id.

3. that he was not allowed to plead "guilty" to one charge and "not guilty" to another charge. If he had, he would have gotten a one level reduction for acceptance of responsibility. Id. at 6.

ECF No. 1. For relief, Petitioner requests that his guidelines be reduced to a level 42 or 41 and would like to be turned over to the U.S. Parole Board.  Id. at 8.

### III.   LEGAL STANDARDS

#### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.   Pro Se Litigants

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify

litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.   ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated.  Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of the conviction and/or sentence under § 2241, if the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate

---

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[5] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[6] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.     The date on which the judgment of conviction becomes final;
    b.     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).
[6] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Here, Petitioner challenges only his sentence and seeks relief under § 2241 by way of the savings clause of § 2255(e).[7]  ECF No. 1 at 1.  Petitioner argues that he is

---

[7] The undersigned notes that in this case, Petitioner's application for a § 2241 through the § 2255(e) savings clause appears to be the appropriate procedure for Petitioner to raise this challenge to his sentence. Petitioner has exhausted his direct appeal and has already filed an unsuccessful § 2255 and an unsuccessful § 2241 under the savings clause.  Petitioner would only be authorized to file a successive §

entitled to relief because he should have been sentenced under the 1986 sentencing guidelines when his alleged conspiracy started.  Id. at 5.  He further alleges that if the 1986 sentencing guidelines were used, he would be entitled to appear before the Parole Commission and would have received a level 42 offense level instead of a level 45. Id.

Because Petitioner is challenging the legality of his sentence in a § 2241 through the § 2255(e) savings clause, he must demonstrate that all four Wheeler prongs are satisfied.  If Petitioner fails to satisfy any one of the four Wheeler prongs, then he has not satisfied the § 2255(e) savings clause and this court lacks subject-matter jurisdiction over his § 2241.  Consequently, Petitioner's § 2241 must be dismissed without prejudice.  See Wheeler, 886 F.3d at 425.

Regardless of whether Petitioner meets the first, third, and fourth prongs of Wheeler, Petitioner fails to meet the second prong.  The second prong of Wheeler contains two clauses that each must be met for the prong to be satisfied.  The second prong requires a showing that (1) the settled substantive law, which established the legality of the defendant's sentence, has changed and (2) that change in the law has been deemed to apply retroactively on collateral review.  Here, Petitioner has not argued a change in the law but instead has argued that the wrong sentencing guidelines were used at his sentencing.

Accordingly, as Petitioner has not satisfied the § 2255(e) savings clause, he is not entitled to § 2241 relief through § 2255(e), and this Court is without subject-matter jurisdiction.  When subject-matter jurisdiction does not exist, "the only function remaining

---

2255 if he can meet the gatekeeping provision of § 2255(h)(2).  However, Petitioner is unable to meet the gatekeeping provision of § 2255(h)(2) because his argument does not rely on any newly discovered evidence or a new rule of constitutional law.  Although this precludes Petitioner from filing a successive § 2255, it means that Petitioner satisfies the third prong of Wheeler.

to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–103 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

**V.    RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Petitioner's writ of habeas corpus pursuant to § 2241 [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

11

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record by electronic means.

DATED:  11-5-2021

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE